## CONN *v.* STATE

No. 40075          October 24, 1960          123 So. 2d 859

*Ben H. Walley,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

## ON APPLICATION BY APPELLANT FOR LEAVE TO FILE A WRIT OF ERROR CORAM NOBIS, AND ON MOTION TO DISMISS APPEAL TO THE UNITED STATES SUPREME COURT

It appearing that on November 12, 1956, this Court overruled a Suggestion of Error filed herein after the conviction of the appellant Robert Conn for grand larceny had been affirmed, and thereupon an appeal was requested by, and granted to, the appellant to the Supreme Court of the United States.

And if further appearing that for reasons unknown to this Court the case was never docketed in the Supreme Court of the United States, according to our information and belief, based upon a letter received by the Clerk of this Court from the Clerk of the United States Supreme Court advising that nothing had even been filed in the United States Supreme Court except the transcript of the record on the appeal;

And, Whereas, under the Rules of the United States Supreme Court there are certain things necessary to be done for a case to be docketed and heard in said Court, and that none of these things were done;

And, Whereas, the Clerk of the United States Supreme Court, after a lapse of a period of over three and one-half years has now returned the transcript of the record to the Clerk of this Court, and that the same is now in possession of this Court;

And, Whereas, under Rule 14 (2) of the United States Supreme Court, it is provided that:

"If an appeal which has been noted is not docketed in this court within the time for docketing, plus any

enlargement thereof duly granted, the court possessed of the record may dismiss the appeal upon motion of the appellee and notice to the appellant, and may make such orders thereon with respect to costs as may be just.''

And, Whereas, a motion has been filed by the Attorney General of the State of Mississippi, on which due notice has been given to the appellant, and is now pending before this Court to dismiss the appeal taken by appellant Robert Conn to the Supreme Court of the United States, and which motion to dismiss is being today sustained;

And, Whereas, the said appellant Robert Conn has filed an application for leave to file with the Circuit Court of Hinds County, Mississippi, a petition for a writ of error coram nobis, setting forth the fact that the appellant was tried at the September 1955 term of the said court, and was convicted and sentenced to serve a term of two years in the state penitentiary, and the said conviction and sentence was affirmed on October 15, 1956, in 228 Miss. 833, 89 So. 2d 840;

And, Whereas, the petition for leave to file for the issuance of a writ of error coram nobis expressly alleges ''that the Appeal to the Supreme Court of the United States was not perfected in the manner and within the time prescribed by the Rules of the Supreme Court of the United States and your applicant, Robert Conn, has been enjoying his freedom under (appearance) bond to this Court'', and that therefore there is no appeal pending from the affirmance of the conviction and sentence by this Court.

██ █ It is therefore the opinion of this Court that the petition of the applicant for a writ of error coram nobis should be, and the same is, hereby denied;

And it further appearing that on September 29, 1960, and at a time when the appellant had been arrested and placed in the Hinds County jail at Jackson, Mississippi,

for failure to successfully prosecute his alleged appeal to the Supreme Court of the United States, the Chief Justice of this Court ordered the recall of the mandate issued by the Clerk of this Court on September 27, 1960, and ordered the release of the appellant "until further orders of this Court", the application for such release not then being contested;

It is now further ordered and adjudged that another mandate be issued for the arrest and taking into custody of the said Robert Conn for the enforcement of the sentence and judgment of this Court which was made final on the said 12th day of November 1956.

It is so ordered.

All justices concur.